**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR 05-1229-PHX-MHM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Jose Garcia-De La Cruz, ) | |
| Defendant. ) | |

Defendant has been charged by Indictment with one count of re-entry following removal or deportation. The Indictment charges that Defendant entered and was found in the United States at or near Yuma in the District of Arizona on or about November 5, 2005 after having been previously denied admission, excluded, deported and removed from the United States at or near Otay Mesa, California on or about March 4, 2005 without having obtained the express consent of the Secretary of the Department of Homeland Security to reapply for admission.

Defendant represented by counsel has filed a motion to dismiss the Indictment. (Doc. 14). Defendant contends that the current charge of re-entry after deportation is supported by a deportation that was an administrative removal proceeding and that his prior deportation was not a reinstatement but an expedited removal. Defendant contends that he was never before an Immigration Judge, he did not have an immigration hearing and that the expedited

1 removal proceedings did not give him an opportunity for meaningful judicial review. The
2 Government has filed a response in opposition to Defendant's motion to dismiss the
3 Indictment. (Doc. 15).
4      In support of his first ground, Defendant cites Morales-Izquierdo v. Ashcroft, 388
5 F.3d 1299 (9th Cir. 2004), *reh. en banc granted*, 423 F.3d 1118 (9th Cir. 2005), *judgment*
6 *stayed*, 432 F.3d 1112 (9th Cir. 2006). Defendant acknowledges that this case is now before
7 the Court of Appeals for the Ninth Circuit on *en banc* review but asks this Court to consider
8 the rationale discussed in the three-judge panel opinion. The issue considered in the panel
9 opinion was whether the reinstatement procedures established by the Attorney General at 8
10 C.F.R. § 241.8 are unauthorized by the Immigration and Nationality Act ("INA") because
11 they provide for reinstatement without the right to a hearing before an immigration judge, as
12 required by INA § 240(a), 8 U.S.C. § 1229a(a). After noting that the plain statutory language
13 supported by the structure of the legislation provides that an immigration judge must conduct
14 all proceedings for deciding the inadmissibility or deportability of an alien, the three-judge
15 panel held that § 241.8 is in conflict with § 240(a) of the INA and therefore *ultra vires*. Id.,
16 at 1305. In ordering that the case be reheard by the en banc court, the Ninth Circuit directed
17 that "[t]he three-judge panel opinion shall not be cited as precedent by or to this court or any
18 district court of the Ninth Circuit, except to the extent adopted by the en banc court."  423
19 F.3d at 1118-19.
20      There is no clear precedent in the Ninth Circuit that the reinstatement procedures
21 established by the Attorney General at 8 C.F.R. § 241.8 violate the Immigration and
22 Nationality Act. In Arreola-Arreola v. Ashcroft, 383 F.3d 956, 963 (9th Cir. 2004), the Ninth
23 Circuit discussed that the regulation governs the process under § 241(a)(5), 8 U.S.C. §
24 1231(a)(5). The Court of Appeals observed that the regulation is "predicated on the notion
25 that the alien was afforded all the process to which he was entitled in the prior removal
26 proceedings." Id., at 962. According to the Government, Defendant has two convictions for
27 unlawful re-entry offenses in 2002.
28

1  Defendant's second ground for dismissal of the Indictment is that the expedited removal proceedings did not give him an opportunity for meaningful judicial review. Defendant vaguely contends that "[i]f the tape of the deportation hearing or any other document shows the defendant did not have the chance to appeal the deportation judge's order, that deportation order cannot form an element of the charge of re-entry after deportation." (motion to dismiss at 3).

If the defendant's deportation proceedings fail to provide a meaningful opportunity for judicial review, the validity of the deportation may be collaterally attacked in the criminal proceeding. United States v. Leon-Paz, 340 F.3d 1003, 1005 (9th Cir. 2003)(citing United States v. Zarate-Martinez, 133 F.3d 1194, 1197 (9th Cir. 1998)). "Such a collateral attack will only succeed where the defendant demonstrates that '(1) his due process rights were violated by defects in the underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects.'" United States v. Muro-Inclan, 249 F.3d 1180, 1182 (9th Cir. 2001)(quoting United States v. Arrieta, 224 F.3d 1076, 1079 (9th Cir. 2000)). To establish prejudice, the defendant must only show that he had a "plausible" ground for relief from deportation. Muro-Inclan, 249 F.3d at 1184. The Government contends that Defendant could not receive any relief from removal, regardless of the venue for the proceedings, because of Defendant's prior convictions.

Defendant has not shown that his due process rights were violated by defects in the March 4, 2005 removal and that he has suffered prejudice as a result of any defects. Defendant's motion to dismiss the Indictment is denied.

**Accordingly**,

**IT IS ORDERED** that Defendant's motion to dismiss the Indictment (Doc. 14) is denied.

DATED this 3rd day of March, 2006.

_____
Mary H. Murguia
United States District Judge